UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSHUA TRENT KYLE STEWART, individually and on behalf of all others similarly situated; <br><br> Plaintiff, <br><br> vs. <br><br> ENSCO INCORPORATED <br><br> Defendant. | § § § § § § § § § § § § |  CAUSE NO. _____ <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Joshua Trent Kyle Stewart, individually and on behalf of all other similarly situated employees (hereinafter collectively referred to as ("Plaintiff" or "Representative Plaintiff") brings this lawsuit against Defendant ENSCO Incorporated (hereinafter, "Defendant" or "ENSCO").

**I.**
**OVERVIEW**

1. This is a collective action to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. The Putative Class Members are current and former hourly offshore employees of ENSCO. The Putative Class Members were required to work "off the clock" and were not paid overtime for all hours worked in excess of 40 hours a week in accordance with the FLSA. Accordingly, Plaintiff brings this action on behalf of himself and all other similarly situated employees to recover unpaid overtime compensation under §16(b) of the FLSA. 29 U.S.C. §216(b).

## II.
### PARTIES

3.     Plaintiff Joshua Trent Kyle Stewart was employed by Defendant within the meaning of the FLSA during the relevant three-year period.  Plaintiff worked for Defendant offshore as an hourly employee and did not properly receive overtime compensation or benefits for all hours that he worked in excess of 40 hours per week.  Plaintiff's consent has been attached hereto as Exhibit A.

4.     Defendant ENSCO Incorporated may be served with process by serving its registered agent C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5.     The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) is defined as:

> **"ALL CURRENT AND FORMER HOURLY OFFSHORE CREW MEMBERS EMPLOYED BY ENSCO INCORPORATED AT ANY TIME WITHIN THE PAST THREE YEARS."** ("Putative Class Members")

The precise size and the identity of the Putative Class Members should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant and its related and affiliated entities.

## III.
### JURISDICTION

6.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  Plaintiff's claims arise under §§ 7(a)(1), and 16(b) of the FLSA. 29 U.S.C. §§ 207(a)(1), and 216(b).   Additionally, this Court has personal jurisdiction over Defendant, since Defendant employed Plaintiff and maintains its corporate offices in Houston, Texas, which is located within this District and Division.

## IV.
## VENUE

7. Venue is proper in this Division under 28 U.S.C. § 1391(a).

## V.
## COVERAGE UNDER THE FLSA

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiff and all those similarly situated were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## VI.
## FACTS

12. During the time period which is relevant to this action, Plaintiff and all those similarly situated were employed by Defendant as hourly offshore employees. However, Plaintiff and all those similarly situated hourly offshore employees were not compensated in accordance

with the FLSA and were regularly required to work "off the clock."  Specifically, Plaintiff and all those similarly situated were not paid for: (a) mandatory pre-tour daily safety meetings prior to the start of their twelve-hour shifts; (b) travel time spent mobilizing and demobilizing to and from the rig site(s) prior to and following each hitch; (c) shift handover; and (d) mandatory post-tour safety drills.

13.     Plaintiff and all those similarly situated were not paid for these types of activities and the additional time spent performing these activities was not accurately recorded by Defendant. Instead, Plaintiff and all those similarly situated were only compensated for a limited amount of scheduled work time, not for the actual hours that they worked or performed activities which were an integral and indispensable part of their job duties.

14.     Plaintiff is aware of other current and former employees of Defendant who are similarly situated in that they were not properly paid for the hours they worked.

## VII.
## FLSA VIOLATIONS

15.     During the relevant time period, Defendant has violated, and is violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

16.     Defendant knowingly, willfully or in reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiff and all those similarly situated overtime compensation.  The decision by Defendant not to properly pay overtime compensation to its hourly employees was neither reasonable, nor in good faith.  Accordingly, Plaintiff and all those

who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VIII.
### COLLECTIVE ACTION ALLEGATIONS

17.     Numerous employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA.  Many of these employees have worked with Plaintiff and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

18.     These employees are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay provisions and employment practices.

19.     Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policy and practice and which is not dependent on the personal circumstances of the Putative Class Members.  Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

20.     The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.  All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## IX.
### RELIEF SOUGHT

21.     WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who have joined in the suit) their attorneys' fees;

d. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    Michael A. Josephson
    State Bar No. 24014780
    mjosephson@fibichlaw.com
    Lindsay R. Itkin
    State Bar No. 24068647
    litkin@fibichlaw.com
    Andrew Dunlap
    State Bar No. 24078444
    adunlap@fibichlaw.com
    **FIBICH, LEEBRON, COPELAND,**
    **BRIGGS & JOSEPHSON**
    1150 Bissonnet
    Houston, Texas 77005
    713-751-0025 – Telephone
    713-751-0030 – Facsimile

    **AND**

    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**